# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CHERYL OMMERT  
Plaintiff,

Case No. 1:19-cv-435  
Dlott, J.  
Litkovitz, M.J.

vs.

HANOVER TOWNSHIP TRUSTEES  
OF BUTLER COUNTY, OHIO,  
Defendant.

**REPORT AND RECOMMENDATION**

## I. Procedural history

Plaintiff Cheryl Ommert originally filed this action in the Butler County, Ohio Court of Common Pleas against defendant Hanover Township Trustees (Trustees) on May 7, 2019. (Doc. 1-3). Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441. (Doc. 1). The matter is now before the Court on (1) plaintiff's motion to remand the matter to state court, which was filed on July 3, 2019 (Doc. 10), defendant's opposing memorandum (Doc. 13), and plaintiff's reply (Doc. 16); and (2) plaintiff's motion to dismiss her § 1983 claims without prejudice and to remand her remaining state law cause of action to state court (Doc. 15), defendant's memorandum partially opposing plaintiff's motion (Doc. 17), and plaintiff's reply in support of her motion (Doc. 18).

Plaintiff alleges in the complaint that she owns real property known as the Shady Nook Restaurant in Hanover Township, which is a "statutory rule township" subject to Ohio Rev. Code § 505.86. (Doc. 1-3). She alleges that defendant must adhere to and enforce that statute. Plaintiff alleges that on July 11, 2018, defendant passed Resolution 41-18, which declared her property a "nuisance" pursuant to Ohio Rev. Code §§ 505.86 and 505.87 and ordered her to

demolish the structure on the property within 60 days. Plaintiff alleges defendant failed to comply with § 505.86 because no authorities specified by the statute have inspected the building; no authorities have issued a declaration or report that shows the building is a nuisance, unsafe, or structurally defective; and no notice as required under § 505.86(B) of the township's intentions of the actions to be taken for the removal, repair, or securing of the structure has not been sent to the property owner. (*Id.* at 3).

Based on these allegations, plaintiff brings four causes of action. First, she claims that defendant's attempt to condemn her property violates Ohio Rev. Code § 505.86, the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution, and Article I, Section 16 of the Ohio Constitution. Second, she claims that defendant's actions constitute a taking of her property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 19 of the Ohio Constitution. Third, plaintiff claims she has a right to receive compensation from defendant for its unlawful attempt to condemn her property under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 19 of the Ohio Constitution. Fourth, plaintiff claims that defendant, acting under color of law, deprived her of her property rights in violation of 42 U.S.C. § 1983 by attempting to condemn her property. Plaintiff seeks a declaratory judgment declaring that defendant's resolution violated Ohio Rev. Code § 505.86 and is "arbitrary, unreasonable and unconstitutional on its face as well as applied" to her property; a declaratory judgment that the action constitutes a taking without just compensation; a preliminary and permanent injunction enjoining defendant from undertaking any demolition of the real property during the pendency of this action; relief under § 1983, including damages and

2

attorney fees; and such further relief as the Court deems necessary under Ohio Rev. Code § 2721.09.[1]

Defendant removed the action to this Court on June 10, 2019. (Doc. 1 at 1). Defendant asserted that plaintiff raised "takings" claims under the Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983 as well as claims under state law. (*Id.*). Defendant based the removal on the district court's original jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331 and on its supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367. (*Id.*).

Plaintiff moves to remand the matter to state court on the ground that state law issues predominate. (Doc. 10). Plaintiff alleges that defendant utilized state statutes to condemn her property, and the state court has concurrent jurisdiction over her § 1983 claims. (*Id.* at 2-3). Plaintiff argues that the Court therefore has discretion to remand the case to state court under the removal statute, 28 U.S.C. § 1441. (*Id.* at 3-4). Defendant opposes remand on the ground that plaintiff's complaint includes claims that fall under the Court's federal question jurisdiction and related state law claims that come under the Court's supplemental jurisdiction. (Doc. 13 at 5-7).

After filing her motion to remand, plaintiff moved to voluntarily dismiss without prejudice her claims brought under § 1983 and to remand to state court only the remaining state cause of action. (Doc. 15). Defendant does not object to the motion to the extent plaintiff seeks to dismiss her federal claims. (Doc. 17). Defendant opposes plaintiff's motion insofar as she

---

[1] Ohio Rev. Code Ch. 2721 governs Declaratory Judgments. Section § 2721.09 states in part: "Subject to section 2721.16 of the Revised Code, whenever necessary or proper, a court of record may grant further relief based on a declaratory judgment or decree previously granted under this chapter. . . ."

3

seeks to remand this matter to state court. (*Id.*). Defendant argues that if plaintiff's federal claims are dismissed, then her corresponding requests for declaratory relief must also be dismissed and no claims will remain in the case. Defendant's argument is based on its theory that plaintiff seeks declaratory relief for violations of her federal rights only, and the declaratory relief plaintiff seeks is no more than "a statement or declaration that her federal and constitutional rights were violated." (*Id.* at 4-6). Defendant contends that because a party cannot pursue a declaratory judgment under federal law absent an underlying substantive cause of action, and each request for declaratory relief is premised on an alleged violation of plaintiff's federal rights, all of plaintiff's requests for declaratory relief must be dismissed together with her federal causes of action. (*Id.* at 6; *see Playa Marel v. LKS Acquisitions, Inc.*, 585 F.3d 279 (6th Cir. 2009) (explaining that the Declaratory Judgment Act did not expand federal subject matter jurisdiction). *See also Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007) ("[The Declaratory Judgment Act] does not create an independent cause of action")).

Defendant argues that once the federal causes of action are dismissed, there will be nothing left of the case to adjudicate and remand to state court. Defendant argues that if the Court disagrees and finds that an action for declaratory relief survives dismissal of the "underlying federal claim," the Court should decline to exercise supplemental jurisdiction and dismiss the surviving state law claim without prejudice. (*Id.* at 7). If, however, the Court finds that plaintiff has not pled an independent state law claim for declaratory judgment[2], defendant urges the Court to decline to exercise supplemental jurisdiction over the claim and dismiss the

---

[2] Defendant distinguishes between federal law, which does not expand subject federal matter jurisdiction over a declaratory judgment action, and Ohio law, which recognizes a claim for declaratory judgment "as an independent and alternative remedy." *See Rocca v. Wilke*, 371 N.E.2d 223, 226 (Ohio App. 1st Dist. 1977) (Doc. 17 at 5-7).

lawsuit rather than remand it to state court. (*Id.* at 6-7, citing *Bullock v. City of Covington*, 698 F. App'x 305, 307 (6th Cir. 2017) ("Normally, when a court declines to exercise supplemental jurisdiction, the court dismisses the claims without prejudice")).

In her reply in support of her motion to dismiss and remand the state law action to state court, plaintiff asserts that she has pled an independent state law cause of action by claiming that defendant violated Ohio Rev. Code § 505.86. (Doc. 18 at 2). Plaintiff argues her federal claims should be dismissed and her state law cause of action, which is the gravamen of her complaint, should be remanded to state court. (*Id.* at 3).

## II. Removal and remand

Removal is governed by 28 U.S.C. § 1441, which provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The defendant carries the burden of showing that removal is proper and that the federal court has original jurisdiction to hear the case. *See Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). The removal statute is to be strictly construed and where jurisdiction is in doubt, the matter should be remanded to the state court. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties

of the United States." 28 U.S.C. § 1331. In determining whether an action has been properly removed to federal court, the Court must examine the face of the plaintiff's well-pleaded complaint. Under the well-pleaded complaint rule, district courts have federal question removal jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). In other words, a case arises under federal law when an issue of federal law appears on the face of the plaintiff's well-pleaded complaint. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The plaintiff is the master of the claim and may avoid federal jurisdiction by exclusive reliance on state law. *See Caterpillar*, 482 U.S. at 392.

Courts may exercise supplemental jurisdiction over any state law claim that "form[s] part of the same case or controversy" as matters arising under the Court's original jurisdiction. 28 U.S.C. § 1367(a). "Claims form part of the same case or controversy when they derive from a common nucleus of operative facts." *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 583 (6th Cir. 2011) (quoting *Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 209 (6th Cir. 2004) (internal citations and quotation marks omitted)). "The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Id.* (quoting *Harper,* 392 F.3d at 210). If the Court has dismissed all claims over which it has original jurisdiction, the Court may decline to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3). "[G]enerally '[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing

the state law claims, or remanding them to state court if the action was removed.'" *Packard,* 423 F. App'x at 585 (quoting *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)). *See also Juergensen v. Midland Funding, LLC*, No. 5:18-cv-1825, 2018 WL 5923707, at *2 (N.D. Ohio Nov. 13, 2018).

**III. Plaintiff's motions should be granted**

The Court finds that dismissal of plaintiff's federal claims without prejudice, which defendant does not oppose, is warranted. Plaintiff's motion to dismiss (Doc. 15) should be granted.

Defendant argues that if plaintiff's federal claims are dismissed, the case is at an end and there are no state law claims to be remanded. Defendant contends that the complaint does not include an independent state law cause of action. The Court disagrees. At the time of removal, plaintiff's complaint raised both federal and state law claims that stemmed from the same course of action. (Doc. 1-3). In addition to alleging violations of her federal rights for which plaintiff seeks declaratory relief, plaintiff claimed a violation of her rights under Ohio law for which she sought declaratory relief and other statutory relief under state law. (*Id.*). For her first cause of action, plaintiff alleged that defendant's attempted condemnation of her property violated Ohio Rev. Code § 505.86 as well as federal law. (Doc. 1-3, ¶ 14). As relief, plaintiff seeks a declaratory judgment declaring that defendant's action violates § 505.86 (*Id.* at 5) and further relief under Ohio Rev. Code § 2721.09 as the Court deems necessary (*Id.* at 6, ¶ V).

Defendant acknowledged in its notice of removal filed with this Court that plaintiff brought claims under both federal and state law. (Doc. 1 at 1). Defendant made the same acknowledgment in its response to the motion to dismiss, stating:

> [I]t is clear that Plaintiff's state law claims for declaratory judgment are part of the same case or controversy as her constitutional claims, since they are derived from a common nucleus of operative facts, i.e., the alleged passage of Resolution No. 41-18 regarding Plaintiff's property.
>
> . . . .
>
> Given the fact that Plaintiff's declaratory judgment claims are interconnected with one another, retaining supplemental jurisdiction of Plaintiff's declaratory judgment claims will certainly advance judicial economy, fairness, convenience, and comity with all involved.

(Doc. 13 at 7). Further, defendant acknowledges in its response to the motion to dismiss that the complaint includes plaintiff's allegation that defendant "erroneously passed" a resolution under Ohio Rev. Code § 505.86 finding that her property was a nuisance so that the structure could be demolished. (Doc. 17 at 3). Defendant also notes that plaintiff seeks declaratory relief under Ohio Rev. Code § 2721.01 *et seq.* (*Id.*). Thus, defendant does not dispute that at the time of removal, the complaint included a claim under state law subject to the Court's supplemental jurisdiction. *Packard*, 423 F. App'x at 583.

The dismissal of plaintiff's federal claims at this stage does not deprive the Court of supplemental jurisdiction over the state law claim included in the complaint. *See Packard*, 423 F. App'x at 583-84 (finding that even though the plaintiffs subsequently amended their complaint to eliminate federal claims over which the court had jurisdiction at the time of removal, "the dismissal of federal claims from a lawsuit does not deprive courts of supplemental jurisdiction") (citing, *e.g., Carlsbad Tech., Inc. v. HIF Bio, Inc.,* 556 U.S. 635 (2009); *Rockwell Int'l Corp. v. United States,* 549 U.S. 457, 474 n. 6 (2007); *Osborn v. Haley,* 549 U.S. 225, 245 (2007); *Carnegie-Mellon U. v. Cohill,* 484 U.S. 343, 350-51 (1988)). In arguing otherwise and asserting that no claims will remain in the case if plaintiff's federal claims are dismissed, defendant contradicts its earlier position that plaintiff's complaint raises a state law claim for

declaratory judgment, which together with her federal claims are derived from a common nucleus of operative facts, and which falls under the Court's supplemental jurisdiction. (*See* Doc. 13 at 7). Defendant has not presented a cogent argument in support of the position it now advances, which is that there is no independent state law claim for declaratory relief that falls under the Court's supplemental jurisdiction. Defendant simply ignores the state law claim pled in the complaint, which it acknowledged in its notice of removal. (Doc. 1 at 1). The district court retains supplemental jurisdiction over plaintiff's state law claim, and dismissal of plaintiff's federal claims does not defeat its jurisdiction.

The Court has discretion as to whether to exercise supplemental jurisdiction over plaintiff's state law claims. Comity and the interest in judicial economy weigh against the Court's exercise of supplemental jurisdiction in this matter and favor remanding the case to state court. Plaintiff has moved to dismiss all of her federal claims, this case is in the very early stages, and the Court has not yet had the opportunity to consider the merits of plaintiff's state law cause of action. *See Packard*, 423 F. App'x at 585 (court declined to exercise supplemental jurisdiction and found remand was appropriate in part because no dispositive rulings had yet been issued in the case); *see also Talismanic Properties, LLC v. Tipp City*, 309 F. Supp. 3d 501, 510-11 (S.D. Ohio 2017) (court declined to exercise supplemental jurisdiction over state claims in removed case and remanded case to state court after dismissing federal claims). Remand rather than dismissal of the remaining state law cause of action is therefore appropriate.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion to voluntarily dismiss her claims brought under 42 U.S.C. § 1983 (Doc. 15) be **GRANTED** and those claims be **DISMISSED** without prejudice.

2. The Court **DECLINE** to exercise supplemental jurisdiction over plaintiff's remaining state law claim.

3. Plaintiff's motion to remand her state law claims to the Court of Common Pleas for Butler County, Ohio (Doc. 10) be **GRANTED**.

Date: 11/18/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHERYL OMMERT<br>Plaintiff, | Case No. 1:19-cv-435<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| HANOVER TOWNSHIP TRUSTEES<br>OF BUTLER COUNTY, OHIO,<br>Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).